**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,                                          Chapter 15
                                                              Case No.:
      Debtor in a Foreign Proceeding.
_____/

**VERIFIED MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN**
**PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING**

      Deloitte Touche Tohmatsu Consultores Ltda. ("Deloitte") (the "Foreign Representative" or "Judicial Administrator"), in its capacity as judicial administrator of the bankruptcy estate of Tinto Holding Ltda., (the "Debtor"), files this *Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Request for Hearing* (the "Motion"). The Motion seeks entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517[1], of the Debtor's liquidation proceeding (the "Brazilian Proceeding") pending before the 2nd Bankruptcy and Judicial Reorganization Court in the Judicial District of São Paulo, Brazil ("Brazilian Bankruptcy Court"); (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code. The Judicial Administrator further requests a hearing on the initial petition (ECF No. 1) ("Petition") and this Motion no earlier than (21) days after the date the Court issues its notice of hearing but, in any event, "at the earliest possible time" thereafter. See Fed. R. Bankr. P. 2002(q); § 1517(c). In support of the Motion, the Judicial Administrator respectfully states as follows:

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

**PRELIMINARY STATEMENT**

1. The Judicial Administrator files the Petition and this Verified Motion under § 1504 to seek recognition of the Brazilian Proceeding as a "foreign main proceeding," as defined in § 1502(4).

2. The Petition and the Verified Motion are supported by the Declaration under penalty of perjury of Henrique Forssell ("Declaration") attached as **Exhibit "1"**.[2] The Declaration itself contains exhibits referred to and incorporated herein. The Declaration also provides a summary of the Brazilian Proceeding and Liquidation Decree entered by the Brazilian Bankruptcy Court (Ex. 1 ¶¶ 5-6; 10-11).

3. A true and correct copy of the Order dated November 29, 2018 placing the Debtor into liquidation and appointing Deloitte Touche Tohmatsu Consultores Ltda. as Judicial Administrator is attached to the Declaration as **Exhibit 1-A**. Deloitte has acted in the capacity as judicial administrator in the Brazilian Proceeding continuously since accepting the appointment.

4. As required by Fed. R. Bankr. P. 1007(a)(4), a Statement of Corporate Ownership, in conformity with Fed. R. Bankr. P. 7007.1 is being filed concurrently herewith.

5. The Petition, this Motion, and the Declaration demonstrate that the Debtor's liquidation should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

6. The Judicial Administrator seeks the type of relief that Chapter 15 was designed to provide, and the Debtor's liquidation, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

---

[2] Capitalized terms not otherwise defined shall have the meaning set forth in the Declaration.

2

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

8. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

9. Brazil is the Debtor's center of main interests.

10. The Debtor's registered office is and was located in Brazil during the entire time that it was operational.

11. Venue is proper in this district under 28 U.S.C. § 1410. The Estate of Tinto has retained Sequor Law, P.A. ("Sequor Law"), in this district and Sequor Law holds in its trust account in this district approximately US$ 1,500.00 on behalf of and for the benefit of the Debtor, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

## BACKGROUND AND BASIS FOR RECOGNITION

12. The Declaration sets forth in detail the background and basis for recognition and it is incorporated by reference as if fully set forth here. See Ex. 1.

13. The Judicial Administrator has satisfied each of the requirements for recognition of the Brazilian Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

    (a) The Judicial Administrator qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because it is a body authorized in the Brazilian Proceeding to administer the liquidation of the Debtors' assets and affairs and to act as a representative of the Brazilian Proceeding. See Ex. 1 ¶ 14.

    (b) The Brazilian Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4) because it is (i) pending in Brazil, which is the Debtors'

center of main interests; and (ii) a collective judicial proceeding under a law relating to insolvency or adjustment of debt in which proceeding the Debtors' assets and affairs are subject to the supervision of the Brazilian Bankruptcy Court for the purpose of liquidation. See Id. ¶¶ 8-9, 15.

(c)     The Debtors meet the requirements of a "debtor" as defined in sections 109(a), if applicable, and 1502 because the Debtors are the subject of a foreign proceeding and have assets in the United States, including property of the Debtors in trust with Sequor Law in the amount of US $1,500. See Id. 1 ¶ 13.

(d)     This Verified Motion is accompanied by the Liquidation Decree of the Brazilian Bankruptcy Court dated November 29, 2018 placing the Debtor into a liquidation. Ex. 1-A.

(e)     Additionally, the Declaration contains the list of all foreign proceedings, persons, or entities that must be identified pursuant to 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007. See Ex. 1 ¶¶ 19-21.

## **RELIEF REQUESTED**

14.    The Judicial Administrator seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached as **Exhibit "2"** hereto, granting the following relief:

(a) Recognizing the Debtor's liquidation as a "foreign main proceeding" and the Judicial Administrator as the Foreign Representative of the Debtor;

(b) Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c) Granting all necessary and appropriate relief under section 1521 of the Bankruptcy Code,

including:

(1) staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning the rights, obligations or liabilities of the Debtor, the Debtor's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2) staying execution against the Debtor to the extent not stayed under § 1520(a);

(3) suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under section 1520(a);

(4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5) entrusting the administration or realization of all of the assets of the Debtor within the territorial jurisdiction of the United States to the Foreign Representative;

(6) entrusting the distribution of all or part of the assets of the Debtor located within the United States to the Foreign Representative and finding that the interests of the creditors of the Debtors are sufficiently protected thereby;

(7) requiring that other than a counterclaim to a suit brought by the Judicial Administrator, no person or entity may commence suit against the Judicial Administrator in any court, including this Court, in the United States without first obtaining leave of this Court;

(8) otherwise granting comity to and giving full force and effect to the orders and documents attached to this Motion; and

5

SEQUOR LAW, P.A.

(d) granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Judicial Administrator respectfully requests that the Court enter an Order, substantially in the form attached as **Exhibit 2**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: March 3, 2023    Respectfully submitted,

    SEQUOR LAW, P.A.
    1111 Brickell Avenue, Suite 1250
    Miami, Florida 33131
    Telephone: (305) 372-8282
    Facsimile: (305) 372-8202
    Email: ggrossman@sequorlaw.com
    nmiller@sequorlaw.com
    jmosquera@sequorlaw.com

By: */s/ Gregory Grossman*
   Gregory S. Grossman
   Florida Bar No.: 896667
   Nyana Abreu Miller
   Florida Bar No. 92903
   Jennifer Mosquera
   Florida Bar No.: 1018656

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the facts stated in the foregoing *Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Request for Hearing* are true and correct to the best of my knowledge and belief.

Executed in São Paulo, Brazil on 03RD MARCH, 2023

By: _____
Henrique Forssell
For and on behalf of the Estate of Tinto Holding Ltda.