# **<u>EXHIBIT 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,                                    Chapter 15
                                                        Case No.:

      Debtor in a Foreign Proceeding.
_____/

**DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF**
**CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING**

      I, Henrique Forssell, hereby declare under penalty of perjury under the laws of the United States as follows:

      1.     This declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding pending in Brazil.

      2.     I am over the age of 18 and, if called upon, could competently testify as to all matters set forth in this Declaration based upon my own personal knowledge, except for those parts specified as being otherwise.  Where matters are based on information supplied to me, those matters are true to the best of my information, knowledge, and belief, and I clearly identify the source of that knowledge.

      3.     I read and write fluently in English and have sworn this Declaration in English without aid of a translator.

      4.     I am a Partner at Duarte Forssell Advogados and a lawyer registered with the Sao Paulo branch of the Brazilian Register of Lawyers with registration number 350317, and I was authorized by the Estate of Tinto, represented by Deloitte Touche Tohmatsu Consultores Ltda.

("Deloitte") to make this declaration. Deloitte is the Judicial Administrator[1] (the "Judicial Administrator" or "Foreign Representative") for the bankruptcy estate of TINTO HOLDING LTDA. ("Tinto" or "Debtor").[2] I am counsel to the Judicial Administrator in all matters outside of Brazil.

5. As described more fully herein, Tinto was placed into liquidation by order dated November 29, 2018 (the "Liquidation Decree", attached as **Exhibit "A"**) of the 2nd Bankruptcy and Judicial Reorganization Court in the Judicial District of São Paulo, Brazil (the "Brazilian Bankruptcy Court"). The Debtor's insolvency proceeding pending before the Brazilian Bankruptcy Court is hereinafter referred to as the "Brazilian Proceeding."

6. Deloitte was appointed as the Debtor's judicial administrator in the Liquidation Decree. See Ex. A. Deloitte has acted in the capacity as judicial administrator in the Brazilian Proceeding continuously since accepting the appointment.

7. I am advised that within the meaning of Chapter 15 of the U.S. Bankruptcy Code: (i) Deloitte is the "foreign representative" of the Debtor; (ii) the Debtor's center of its main interests has, at all times relevant, been in Brazil; and (iii) the Brazilian Proceeding is a "Foreign Main Proceeding."

**Factual Background**

8. Tinto is a private limited company incorporated in Brazil on December 12, 1996 as Bertin Ltda., with Brazilian registration number CNPJ No. 01.597.168/0001-99. Its headquarters and registered office was located at Rua Cardeal Arcoverde, 2811, 6º Andar, Pinheiros, Sao Paulo,

---

[1] I am authorized by Deloitte to make this statement on behalf of the Judicial Administrator.

[2] All references to Tinto herein shall be understood as references to the Brazilian company formerly known as Bertin Ltda., subsequently known as Bracol Holdings Ltda. and Tinto Holding Ltda., registered under CNPJ No. 01.597.168/0001-99.

CEP: 05407-004, Brazil when its liquidation began, having previously maintained a different registered office at another address in São Paulo. During the time that Tinto was operational, it had several managers, all of which were Brazilian nationals. As of the date of this Declaration, the Foreign Representative is unaware of any evidence that Tinto conducted the administration of its affairs other than from Brazil or that it had any establishment or place of business outside of Brazil.

9.      Tinto served as an equity holding company, responsible for the ownership of certain properties and shares that it held either directly or indirectly through a number of subsidiaries. Tinto's subsidiaries operated in several industries, such as infrastructure, agribusiness, and food. Before it fell into insolvency, Tinto was part of one of the largest Brazilian business conglomerates, Grupo Heber, which has more than 28,000 employees and reported annual sales totaling over US $1.25 billion in 2011.

<u>**Commencement of the Brazilian Proceeding and Appointment of the Judicial Administrator**</u>

10.     BS Factoring Fomento Comercial Ltda. petitioned for Tinto's liquidation, on the basis that Tinto had not paid its debts as they came due. Tinto had assumed an obligation to pay some R$ 55 million from several of its subsidiaries that were, at the time, under judicial reorganization. After making some payments, Tinto remained in default, owing approximately R$ 40 million. After a response from Tinto, the Brazilian Bankruptcy Court entered the Liquidation Decree, and, in the same order, appointed Deloitte as the Judicial Administrator. <u>See</u> Ex. A.

11.     Tinto appealed the Liquidation Decree, and the Liquidation Decree was affirmed on appeal. Tinto then lodged a special appeal, but the President of the competent section of the court of appeals of the state of Sao Paulo rejected the special appeal (*Recurso Especial*). Currently, Tinto is seeking review of the decision declining to hear the special appeal before the Superior

Tribunal of Justice (*Agravo em Recurso Especial*).[3] The Liquidation Decree is in full force and effect, and the liquidation is proceeding in the ordinary course.

### Debtor Has a Domicile, Place of Business, or Property in the United States

12.     The Judicial Administrator seeks recognition of the Brazilian Proceeding in furtherance of a worldwide pursuit of assets with which to satisfy unpaid claims as well as to investigate, identify, and marshal assets of the Debtor in the United States, which assets include, but are not limited to, claims and causes of action belonging to the Debtor. In particular, the Judicial Administrator needs to take discovery regarding a series of transactions with a U.S. counterparty which involved assets of the Debtor that were structured by a U.S. financial institution. The Debtor's known connections to specific U.S. assets shall be identified by subsequent motions.

13.     The Estate of Tinto has retained Sequor Law, P.A. ("Sequor Law"). Sequor Law holds in its trust account in this District US$1,500 deposited by the Debtor, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

### Judicial Administrator in Foreign Proceedings of the Debtor

14.     As the Judicial Administrator, Deloitte is a body authorized in the Brazilian Proceeding to administer the liquidation of the Debtor's assets and affairs and to act as a representative of the Brazilian Proceeding.

15.     As the term is defined in 11 U.S.C. 101(23), the Brazilian Proceeding is a "foreign proceeding" because it is a collective judicial proceeding under a law relating to insolvency or adjustment of debt in which proceeding the Debtor's assets and affairs are subject to the control or supervision of the Brazilian Bankruptcy Court for the purpose of the Debtor's liquidation.

---

[3] Case no. 1896681/SP (2021/0144367-4).

16.     The Brazilian Proceeding is governed by Brazil's Law nº 11.101, of February 9, 2005, a Law Regulating Judicial and Extrajudicial Reorganization, and Bankruptcy of Entrepreneurs and Companies, a law relating to insolvency or adjustment of debt.

17.     The Brazilian Bankruptcy Court appointed Deloitte as the Judicial Administrator. Deloitte's address in that capacity is:

Attn: Luis Vasco Elias
Deloitte Touche Tohmatsu Consultores Ltda.
Dr. Chucri Zaidan Avenue, nº 1240, 4º-12º floor
ZIP 04711-130
São Paulo – SP – Brazil

18.     For purposes of this proceeding, the Foreign Representative requests that any correspondence be sent, in addition to the address provided above, to:

Attn: Gregory S. Grossman, Nyana Miller, and Jennifer Mosquera
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

**Parties to any U.S. Litigation in which the Debtor is a Party**

19.     The Foreign Representative is not aware of any litigation pending in the United States in which the Debtor is a party.

**Entities Against Whom Provisional Relief is Being Sought Under § 1519 of the Code**

20.     The Foreign Representative is not seeking provisional relief under § 1519 of the Bankruptcy Code.

**Statement Identifying Foreign Proceedings With Respect to the Debtor**

21.     The Foreign Representative is not aware of any other Foreign Proceedings with respect to the Debtor, as the term "foreign proceedings" is defined in the 11 U.S.C. § 101(23).

[This space has been intentionally left blank.]

I, Henrique Forssell, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am counsel to the court-appointed Judicial Administrator for Tinto Holding Ltda. and that, in such capacity, I have the authority to make this Declaration; that I have read the foregoing Declaration; that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Tinto Holding Ltda.

Executed in São Paulo, Brazil on 03 March, 2023.

Henrique Forssell
for and on behalf of the Estate of Tinto Holding Ltda.,
counsel to   the Judicial Administrator in the Brazilian
Proceeding

# EXHIBIT 1 - A



Translation No. I-56447
Book No. 687
Page 111

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a copy of a document was submitted to me, written in Portuguese, the translation of which is as follows:*

page

# COURT OF APPEALS OF THE STATE OF SÃO PAULO

JUDICIAL DISTRICT OF SÃO PAULO

CENTRAL CIVIL COURTS

2nd BANKRUPTCY AND JUDICIAL REORGANIZATION COURT

## CASE HELD BY THE JUDGE UNDER ADVISEMENT

On November 29, 2018, I send this record to the Honorable Judge of the 2nd Bankruptcy and Judicial Reorganization Court, Mr. PAULO FURTADO DE OLIVEIRA FILHO. I, Gustavo Lacerda Franco, Court Clerk, *subscribed it.*

## JUDGMENT

Case No.: **1088030-29.2016.8.26.0100 - Bankruptcy of Entrepreneurs, Companies, Micro and Small Businesses**

Claimant: **Bs Factoring Fomento Comercial Ltda.**

Respondent: **Tinto Holding Ltda**

Judge: Mr. **PAULO FURTADO DE OLIVEIRA FILHO**

This case has been analyzed.

This is a bankruptcy petition filed by **BS FACTORING FOMENTO COMERCIAL** against **TINTO HOLDING LTDA.** It claims that, through a private debt acknowledgment instrument, the defendant assumed part of the debt in the amount of R$55,000,000.00 of a total debt of R$133,000,000.00 recognized and acknowledged by INFINITY BIO-ENERGY DO BRASIL PARTICIPAÇÃO S.A., under judicial reorganization, and ALCANA DESTILARIA DE ÁLCOOL DE NANUQUE S.A., under judicial reorganization, and DISA DESTILARIA ITAÚNAS S.A., under judicial reorganization. The defendant undertook to pay the assumed debt in 72 monthly installments of R$763,888.89, but remained in default, owing the amount of R$40,486,111.17.

Answer by TINTO HOLDING LTDA on pages 147/190. It claims that the protest instrument does not meet all the validity requirements necessary for the adjudication of bankruptcy, since the person who received the notification would not have been properly identified and that the notification would have been sent to an address other than the one where the registered office of the claimant is located. It alleges that guarantees were offered in the instrument for the payment of the obligation, therefore, it is unnecessary to adjudicate bankruptcy for the plaintiff to see its claim satisfied. It maintains that the obligation is not liquid, even if it is due and therefore cannot support the bankruptcy request, and that, in addition, the plaintiff did not present a basis for calculating the value attributed to the debt.

Reply filed on pages 250/258.

The decision on page 369 dismisses the defense's allegations. Hearing on page 375. The process was suspended by consensus between the parties. The plaintiff makes a statement on pgs. 377/378 insisting on the bankruptcy petition, in view of the impossibility of amicable settlement between the parties. Defendant's submission on pages 481/489.

**That is the background of the case. My decision follows.**

The issues of the validity of the instruments, the liquidity of the debt and the possibility of filing for bankruptcy, despite the guarantees offered, have all been duly addressed by the decision on page 369:

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.          Página 1 de 11

Translation No. I-56447
Book No. 687
Page 112



"This action is based on a private instrument of debt acknowledgment signed by the debtor and by two witnesses (pages 18/50), and therefore there is an instrument enforceable out of court to support the bankruptcy petition.

The debtor claims that there is no liquidity in the enforceable instrument, as the parties used the CDI index to adjust the debt for inflation, which would be illegal.

Indeed, the debt assumed is R$55,000,000.00, out of a total debt of R$133,000,000.00, recognized and acknowledged by INFINITY BIO-ENERGY DO BRASIL PARTICIPAÇÕES S.A., under judicial reorganization, USINA NAVIRAÍ S.A. AÇÚCAR E ÁLCOOL, under judicial reorganization, ALCANA DESTILARIA DE ÁLCOOL DE NANUQUE S.A., under judicial reorganization, and DISA DESTILARIA ITAÚNAS S.A., under judicial reorganization.

The respondent was obliged to pay the assumed debt in seventy-two (72) monthly installments of R$763,888.89, adjusted for inflation by the average CDI rate.

Even if the replacement of this index is determined, with another allowed by the legislation, the pecuniary obligation due is net, since each installment has a determined value.

Therefore, I reject the allegation of debt illiquidity.

The debtor also argued that there is a defect in the protest, due to the lack of precise identification of the recipient of the notification, however, contrary to what is alleged, the protest instrument clearly identifies who received the notification: Karina Silva, RG 14579532 (pg. 56).

The debtor also alleges that the notification of the protest took place in a different place from its main establishment, but the notification was sent to the place where the partner and manager Natalino Bertin could be found, at Av. Brigadeiro Faria Lima, 2012, 5th Floor (page 72).

Therefore, the notification of the protest carried out at the aforementioned location allowed the unequivocal knowledge of the creditor's claim to receive the debt, which results in the good standing of the public proof of the default for the protest.

As for the allegation that the bankruptcy petition was abusively filed, it cannot be accepted either.

It is worth noting that it is not necessary to prove that attempts to satisfy claims through executive or ordinary means have been exhausted.

In this sense, Precedent 42 of the Court of Appeals of the State of São Paulo: "The possibility of singular execution of the enforceable instrument does not prevent the creditor from opting for bankruptcy petition."

Furthermore, it is unnecessary to demonstrate the state of insolvency in order to be able to file for bankruptcy. Precedent 43 of the TJSP (Court of Appeals of the State of São Paulo) establishes that: "In the bankruptcy petition based on the default of a net obligation materialized in an instrument, proof of default, made by protest, is not required, and the demonstration of the debtor's insolvency is not required."

As for the provision that debt satisfaction should be carried out through the foreclosure of guarantees provided for in the contract, it does not apply at this time. Although the claimant accepted 20,257,902,637 registered common shares issued by Infinity, owned by the debtor, as a guarantee for the debt, this guarantee has no positive equity value, as Infinity was declared bankrupt under case No. 0151873-29.2009.8.26.0100.

Therefore, the claim which is the subject matter of this action had its guarantee reduced to dust and the claimant is not prevented from filing for bankruptcy."

The defendant repeats its defense arguments on pages 481/488, but its allegations are groundless.

The defendant assumed a debt owed by debtors under judicial reorganization, it is true, but those who are under judicial reorganization do not lose the management of their business or the ability to dispose of their assets.

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Rua Mairo Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.



Translation No. I-56447
Book No. 687
Page 113

In addition, the mere confession of debt by the reorganization companies, with the acknowledgment of part of the debt by the defendant, does not constitute a hypothesis of ineffectiveness provided for in Art. 129 of Law 11.101/2005, which could only be recognized by the bankruptcy court, and not in this action.

The defendant also argues that the plaintiff should have foreclosed on the shares received in fiduciary sale, but was not obliged to do so, especially since the equity value of the assets was reduced to zero, since the shares referred to the capital of companies that went bankrupt and no creditor may be compelled to satisfy a claim by foreclosure on assets that will not be suitable for payment.

As for the claim that the defendant would be the owner of other assets, sufficient to settle the debt, it does not serve to prevent the adjudication of bankruptcy, since the deposit in court should have been made in cash, which did not occur.

Therefore, the requirements of the law for granting the claim are present.

Therefore, I adjudicate the bankruptcy of **TINTO HOLDING LTDA., CNPJ No. 01.597.168/0001-99, whose manager is Natalino Bertin, with address at Avenida Brigadeiro Faria Lima, No. 2012, 5th floor, suite 53, Jardim Paulista district, Postal Code 01469-900**, setting the legal term at 90 days from the complaint or the oldest protest, whichever is older.

**I also determine the following:**

1) Suspension of actions and executions against the bankruptcy company, with legal reservations;

2) Prohibition of acts of disposal or encumbrance of the bankruptcy company's assets;

3) Notification of the Public Prosecutor's Office;

4) Appointment, as judicial administrator, of **Deloitte Touche Tohmatsu Consultores Ltda, CNPJ No. 02.189.924/0001-03, represented by Luis Vasco Elias, CPF 073.762.938-09, with address at Avenida Doutor Chucri Zaidan, 1240, Golden Tower Building, 4th to 12th floors, Santo Amaro, São Paulo - SP, Postal Code 04711-130, telephone (11) 5186-1863 and email address to be informed in the affirmation instrument,** which shall:

A) Sign the affirmation instrument, informing the electronic address that will be used in the case, within 48 hours;

B) Carry out collection of assets and documents in the possession of the bankruptcy company, upon production of an inventory report within 30 days, appraisal within 90 days and disposal within a maximum period of 180 days.

C) Provide the statements of the bankruptcy company's managers and summon them to present the books in a notary's office and the list of creditors for future publication, pursuant to Art. 99, Sole Paragraph, Law 11.101/2005; if the list is not presented, the judicial administrator shall, within a maximum period of 60 days, arrange for the publication of the notice.

D) Send a copy of this decision, digitally signed, to the proper bodies, producing proof of the filing receipts in these digital records, within 10 days. The respective responses, if applicable, shall be sent to the address of the appointed judicial administrator.

**COMMERCIAL REGISTRY OF THE STATE OF SÃO PAULO:** Rua Barra Funda, 930 3° andar Barra Funda - CEP: 01152-000 São Paulo/SP;

**EMPRESA BRASILEIRA DE CORREIOS E TELÉGRAFOS** - Rua Mergenthaler, 500, Vila Leopoldina Gerência GECAR, CEP: 05311-030 São Paulo/SP: Send correspondence on behalf of the bankruptcy company to the address of the appointed judicial administrator;

**CENTRO DE INFORMAÇÕES FISCAIS -DI Diretoria de informações** - Av. Rangel Pestana, 300, CEP: 01017-000 São Paulo/SP: Send the DECA regarding the bankruptcy company to the address of the appointed judicial administrator;

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018-08- RG 8.222.837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.                    Página 3 de 11

Translation No. I-56447
Book No. 687
Page 114



**SETOR DE EXECUÇÕES FISCAIS DA FAZENDA PÚBLICA - Ofício das Execuções Fiscais Estaduais** - Rua Vergueiro, 857, CEP: 01013-001 São Paulo/SP: inform about the existence of assets and rights in the name of the bankruptcy company;

**BOLSA DE VALORES DO ESTADO DE SÃO PAULO** – Rua XV de Novembro n° 275, 7° andar, CEP: 01013-001 São Paulo/SP: Inform in its files the existence of assets and rights in the name of the bankruptcy company;

**BANCO BRADESCO S/A.** - Cidade de Deus, s/n° Vila Iara - CEP: 06023-010 Osasco/SP: Inform about the position of shares of the TELEBRÁS system (Telesp and spun-off companies) in the name of the bankruptcy company and, if there are dividends, that they are deposited in the name of the bankruptcy estate, with Banco do Brasil S/A., Branch 5905-6 S. Public São Paulo, to the order of this Court;

**DEPARTAMENTO DE RENDAS MOBILIÁRIAS** - Rua Pedro Américo, 32, CEP: 01045-000 São Paulo/SP: Inform about the existence of assets and rights in the name of the bankruptcy company;

**CARTÓRIO DISTRIBUIDOR DE TÍTULOS PARA PROTESTO** - Rua XV de Novembro, 175 Centro - CEP: 01013-001 São Paulo/SP: Send the certificates of protests drawn up in the name of the bankrupt debtor, to the address of the appointed judicial administrator, regardless of the payment of any costs;

**PROCURADORIA DA FAZENDA NACIONAL - UNIÃO FEDERAL -** Alameda Santos, 647 - 01419-001 - São Paulo/SP: Inform about the existence of lawsuits involving **PROCURADORIA DA FAZENDA DO ESTADO DE SÃO PAULO** - Av. Rangel Pestana, 300, 15° andar - Sé - 01017-000 - São Paulo - SP: Inform about the existence of lawsuits involving the bankruptcy company;

**SECRETARIA DA FAZENDA DO MUNICÍPIO DE SÃO PAULO - PROCURADORIA FISCAL DO MUNICÍPIO DE SÃO PAULO -** Rua Maria Paula, 136 Centro - 01319-000 - São Paulo/SP: Inform about the existence of lawsuits involving the bankruptcy company.

Publish, register, notify.

São Paulo, November 29, 2018.

**DOCUMENT DIGITALLY SIGNED UNDER LAW No. 11.419/2006, AS PER PRINT AT THE RIGHT MARGIN**

**1088030-29.2016.8.26.0100 - page**

This document is a copy of the original, digitally signed by PAULO FURTADO DE OLIVEIRA FILHO, released on file on November 29, 2018 at 06:37 p.m.

To see the original, access the website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case No. 1088030-29.2016.8.26.0100 and code 6090DC9.

*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, November 17, 2022*

*Characters: 10.590*

*Fees: R$590.08*

*Receipt No. 24779*

SANDRA REGINA MATTOS RUDZIT

Certified Translator

all/328271.doc

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP n° 1688- CPF 082.060.018-08- RG 8.222.837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The
verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.                    Página 4 de 11



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

---

**CONCLUSÃO**

Em  29 de novembro de 2018 faço estes autos conclusos ao MM. Juiz de Direito da 2ª

Vara de Falências e Recuperações Judiciais, Dr. PAULO FURTADO DE OLIVEIRA

FILHO. Eu, Gustavo Lacerda Franco, Assistente Judiciário, *subscrevi.*

---

**SENTENÇA**

Processo nº:       **1088030-29.2016.8.26.0100 - Falência de Empresários,**
                   **Sociedades Empresáriais, Microempresas e Empresas de**
                   **Pequeno Porte**
Requerente:        **Bs Factoring Fomento Comercial Ltda.**
Requerido:         **Tinto Holding Ltda**

Juiz(a) de Direito: Dr(a). **PAULO FURTADO DE OLIVEIRA FILHO**

Vistos.

Trata-se de pedido de falência proposto por **BS FACTORING FOMENTO COMERCIAL** em face de **TINTO HOLDING LTDA**. Aduz que por meio de instrumento particular de assunção de dívida a ré assumiu parte da dívida no valor de R$ 55.000.000,00 de um total da dívida de R$ 133.000.000,00 reconhecida e confessada por INFINITY BIO-ENERGY DO BRASIL PARTICIPAÇÃO S.A, em recuperação judicial, e ALCANA DESTILARIA DE ÁLCOOL DE NANUQUE S.A., em recuperação judicial, e DISA DESTILARIA ITAÚNAS S.A., em recuperação judicial. A ré se obrigou a pagar  a dívida assumida em 72 parcelas mensais de R$ 763.888,89, porém quedou-se inadimplente, passando a dever o valor de R$ 40.486.111,17.

Contestação de TINTO HOLDING LTDA nas fls. 147/190. Aduz que o instrumento de protesto não reúne todos os requisitos de validade, necessários à declaração da falência, uma vez que a pessoa que recebeu a notificação não teria sido devidamente identificada e que a notificação teria sido enviada para endereço diverso daquele onde se encontra a sede da requerente. Alega que foram oferecidas

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1086. The
verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 29/11/2018 às 18:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código 6090DC9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

garantias no instrumento para o pagamento da obrigação, sendo, desta forma, desnecessária a decretação da quebra para que a autora veja satisfeita sua pretensão. Sustenta que a obrigação não é líquida, ainda que exigível e por isso não pode embasar o pedido de falência, e que além disso, a autora não apresentou base de cálculo para o valor atribuído à dívida.

Réplica a fls. 250/258.

A decisão de fls. 369 afasta as alegações da defesa.  Audiência a fl. 375. Houve suspensão do processo por consenso entre as partes. Manifesta-se a autora a fls. 377/378 insistindo no pedido de falência, tendo em vista a impossibilidade de composição amigável entre as partes.  Manifestação da ré a fls. 481/489.

**É o relatório. Decido.**

As questões da validade dos títulos, da liquidez da dívida e da possibilidade de pedido de falência, apesar das garantias ofertadas, já foram todas devidamente enfrentadas pela decisão de fls. 369:

"A presente ação está fundada em instrumento particular de assunção de dívida firmado pela devedora e por duas testemunhas (fls.18/50), havendo, portanto, título executivo extrajudicial para sustentar o requerimento de falência.

A devedora alega que não há liquidez no título executivo, pois utilizado pelas partes o índice do CDI para atualização da dívida, o que seria ilegal.

Com efeito, a dívida assumida é de R$ 55.000.000,00, de um total da dívida de R$ 133.000.000,00, reconhecida e confessada por INFINITY BIO-ENERGY DO BRASIL PARTICIPAÇÕES S.A. em recuperação judicial, USINA NAVIRAÍ S.A. AÇÚCAR E ÁLCOOL em recuperação judicial, ALCANA DESTILARIA DE ÁLCOOL DE NANUQUE S.A. em recuperação judicial e DISA DESTILARIA ITAÚNAS S.A. em recuperação judicial.

Obrigou-se a requerida pagar a dívida assumida em 72 (setenta e duas) parcelas mensais de R$ 763.888,89, corrigidas pela taxa média do CDI.

Ainda que seja determinado o afastamento deste índice, por outro admitido pela legislação, a prestação pecuniária devida é líquida, pois cada parcela

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 29/11/2018 às 18:37. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código 6090DC9.

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Ruuzit, JUCESP 1686. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

tem valor determinado.

Portanto, afasto a alegação de iliquidez da dívida.

A devedora também sustenta que há vício no protesto, por ausência de identificação precisa do recebedor da notificação, porém, ao contrário do alegado, no instrumento de protesto está claramente identificado quem recebeu a notificação: Karina Silva, RG 14579532 (fls. 56).

Também alega a devedora que a notificação do protesto se deu em local distinto de seu estabelecimento principal, porém a notificação foi encaminhada ao local onde o sócio e administrador Natalino Bertin podia ser encontrado, à Av. Brigadeiro Faria Lima, 2012, 5o. Andar (fls. 72).

Portanto, a notificação do protesto realizada no local acima mencionado permitiu o inequívoco conhecimento da pretensão do credor ao recebimento da dívida, o que resulta na regularidade da prova pública da impontualidade pelo protesto.

Quanto à alegação de que o pedido de falência foi proposto de forma abusiva, também não pode ser acolhida.

Cumpre relembrar que não é preciso prova de exaurimento das tentativas de satisfação de crédito pela via executiva ou ordinária.

Nesse sentido, a Súmula 42 do Tribunal de Justiça de São Paulo: "A possibilidade de execução singular do título executivo não impede a opção do credor pelo pedido de falência."

Ademais, é desnecessária a demonstração do estado de insolvência para que seja possível requerer a falência. A Súmula 43 do TJSP estabelece que: "No pedido de falência fundado no inadimplemento de obrigação líquida materializada em título, basta a prova da impontualidade, feita mediante o protesto, não sendo exigível a demonstração da insolvência do devedor."

Quanto à previsão de que a satisfação da dívida deveria se realizar por meio da excussão de garantias previstas em contrato, ela não se aplica neste momento. Embora a requerente tenha aceito como garantia do débito 20.257.902.637 ações ordinárias nominativas de emissão da Infinity, de titularidade

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 29/11/2018 às 18:37.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código 6090DC9.

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Ruazzi, JUCESP 1686. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

da devedora, esta garantia não tem valor patrimonial positivo, pois a Infinity teve sua falência decretada no processo n. 0151873-29.2009.8.26.0100.

Portanto, o crédito objeto da presente ação teve sua garantia reduzida a pó e a requerente não está impedida de requerer a falência."

A ré repete suas teses de defesa a fls. 481/488, mas não há razão em suas alegações.

A ré assumiu uma dívida de devedoras em recuperação judicial, é verdade, mas quem encontra-se em recuperação judicial não perde a administração dos seus negócios nem a disponibilidade sobre seus bens.

Ademais, a mera confissão de dívida pelas recuperandas, com assunção de parte da dívida pela ré, não configura hipótese de ineficácia prevista no art. 129 da Lei 11.101/2005, que só poderia ser reconhecida pelo juízo falimentar, e não nesta ação.

A ré também sustenta que a autora deveria ter excutido as ações recebidas em alienação fiduciária, mas a tanto não estava obrigada, especialmente porque reduzido o valor patrimonial dos bens a zero, pois as ações referiam-se ao capital de sociedades qee faliram e nenhum credor pode ser constrangido a satisfazer seu crédito pela excussão de bens que não serão idôneos ao pagamento.

Quanto à alegação de que a ré seria proprietária de outros bens, suficientes à liquidação da dívida, não se presta a impedir a decretação da falência, pois o depósito elisivo haveria de ser feito em dinheiro, o que não ocorreu.

Portanto, estão presentes os requisitos exigidos pela lei para o deferimento da pretensão.

Sendo assim, decreto a falência de **TINTO HOLDING LTDA., CNPJ nº 01.597.168/0001-99, cujo administrador é Natalino Bertin, com endereço à Avenida Brigadeiro Faria Lima, n° 2.012, 5º andar, conjunto 53, Bairro Jardim Paulista, CEP 01469-900**, fixando o termo legal em 90 dias contados do requerimento inicial ou do protesto mais antigo, prevalecendo a data mais antiga.

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Ruuzit, JUCESP 1686. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 29/11/2018 às 18:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código 6090DC9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

**Determino ainda o seguinte:**

1) suspensão de ações e execuções contra a falida, com as ressalvas legais;

2) proibição de atos de disposição ou oneração de bens da falida;

3) Intimação do Ministério Público;

4) Nomeação, como administradora judicial, de **Deloitte Touche Tohmatsu Consultores Ltda, CNPJ nº 02.189.924/0001-03, representada por Luis Vasco Elias, CPF 073.762.938-09, com endereço na Avenida Doutor Chucri Zaidan , 1240, Edifício Golden Tower, 4º ao 12º andares, Santo Amaro, São Paulo – SP, CEP 04711-130, telefone (11) 5186-1863 e endereço eletrônico a ser informado no teor do termo de compromisso,** que deverá:

A) Assinar o termo de compromisso, informando o endereço eletrônico que será utilizado no caso, em 48 horas;

B) realizar arrecadação de bens e documentos em poder do falido, com apresentação de auto de inventário em 30 dias, avaliação em 90 dias e alienação no prazo máximo de 180 dias.

C) providenciar as declarações dos administradores do falido e intimá-los para apresentação dos livros em cartório e de relação de credores para futura publicação, nos termos do art. 99, par. Único, da Lei 11.101/2005; caso a relação não seja apresentada, deverá o administradora judicial, no prazo máximo de 60 dias, providenciar a publicação do edital.

D) encaminhar cópia desta decisão, assinada digitalmente, aos órgãos competentes, devendo comprovar o protocolo nestes autos digitais, em 10 dias. As respectivas respostas, se o caso, deverão ser encaminhadas para o endereço do administrador judicial nomeado.

**JUNTA COMERCIAL DO ESTADO DE SÃO PAULO:** Rua Barra Funda, 930 3º andar Barra Funda - CEP: 01152-000 São Paulo/SP;

**EMPRESA BRASILEIRA DE CORREIOS E TELÉGRAFOS** -

**1088030-29.2016.8.26.0100 - lauda 5**

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Ruezit, JUCESP 1086. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 29/11/2018 as 18:37 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código 6090DC9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

Rua Mergenthaler, 500, Vila Leopoldina Gerência GECAR, CEP: 05311-030 São Paulo/SP: Encaminhar as correspondências em nome da falida para o endereço do administrador judicial nomeado;

**CENTRO DE INFORMAÇÕES FISCAIS -DI Diretoria de informações** - Av. Rangel Pestana, 300, CEP: 01017-000 São Paulo/SP: Deverá encaminhar a DECA referente à falida, para o endereço do administrador judicial nomeado;

**SETOR DE EXECUÇÕES FISCAIS DA FAZENDA PÚBLICA - Ofício das Execuções Fiscais Estaduais** - Rua Vergueiro, 857, CEP: 01013-001 São Paulo/SP: informar sobre a existência de bens e direitos em nome da falida;

**BOLSA DE VALORES DO ESTADO DE SÃO PAULO** - Rua XV de Novembro nº 275, 7º andar, CEP: 01013-001 São Paulo/SP: Informar a existência nos seus arquivos, sobre bens e direitos em nome da falida;

**BANCO BRADESCO S/A.** - Cidade de Deus, s/nº Vila Iara - CEP: 06023-010 Osasco/SP: Informar acerca da posição de ações do sistema TELEBRÁS (Telesp e cindidas) em nome da falida e, se houver dividendos, sejam estes depositados em nome da massa falida, no Banco do Brasil S/A., Agência 5905-6 S. Público São Paulo, à ordem deste Juízo;

**DEPARTAMENTO DE RENDAS MOBILIÁRIAS** - Rua Pedro Américo, 32, CEP: 01045-000 São Paulo/SP: Informar sobre e a existência de bens e direitos em nome da falida;

**CARTÓRIO DISTRIBUIDOR DE TÍTULOS PARA PROTESTO** - Rua XV de Novembro, 175 Centro - CEP: 01013-001 São Paulo/SP: Remeter as certidões de protestos lavrados em nome da falida, para o endereço do

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Kuzuli, JUCESP 1666. The verification code at https://oab.portaldeassinaturas.com.br:443 is FA4C-771A-1F78-A556.

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 29/11/2018 às 18:37 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código 6090DC9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

administrador judicial nomeado, independente do pagamento de eventuais custas;

**PROCURADORIA DA FAZENDA NACIONAL – UNIÃO FEDERAL -** Alameda Santos, 647 - 01419-001 – São Paulo/SP: Informar sobre a existência de ações judiciais envolvendo

**PROCURADORIA DA FAZENDA DO ESTADO DE SÃO PAULO** - Av. Rangel Pestana, 300, 15º andar – Sé - 01017-000 – São Paulo – SP: Informar sobre a existência de ações judiciais envolvendo a falida;

**SECRETARIA DA FAZENDA DO MUNICÍPIO DE SÃO PAULO - PROCURADORIA FISCAL DO MUNICÍPIO DE SÃO PAULO -** Rua Maria Paula, 136 Centro - 01319-000 – São Paulo/SP: Informar sobre a existência de ações judiciais envolvendo a falida.

P.R.I.

São Paulo, 29 de novembro de 2018.

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 29/11/2018 às 18:37.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código 6090DC9.



# PROTOCOLO DE ASSINATURA(S)

In order to verify the signature, click here https://oab.portaldeassinaturas.com.br/Verificar/FA4C-771A-1F78-A556 or visit https://oab.portaldeassinaturas.com.br:443 and use the code below to check if this document is valid.

## Código para verificação: FA4C-771A-1F78-A556



**Hash do Documento**

D11C788DB2D4C3FC5B5B90F65A109B60AE7F8592C1BF78C8BC6FBF2C6842556E

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 17/11/2022 é(são) :

☑ Sandra Regina Mattos Rudzit (Signatário) - 082.060.018-08  em
17/11/2022 12:34 UTC-03:00
**Tipo:** Certificado Digital